IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-18-234 |
| | * | |
| TYRON EVANS | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Now pending is Tyron Evans's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 72). On February 28, 2019, pursuant to a C-plea, Evans was sentenced to 96 months incarceration following his guilty plea to possession with intent to distribute heroin. (ECF 46). Evans now seeks relief on the basis that he is immunocompromised, prediabetic, and overweight and that these health conditions increase his risk of severe illness from COVID-19. He also asserts that USP Big Sandy, where he is currently incarcerated, is taking insufficient precautions to protect him from the coronavirus, and that his grandmother has serious health issues as well and she has been left without a caretaker.

The court is not persuaded that Evans's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[1] Evans's medical records (ECF 76) do not support his contention that he suffers from any immune-weakening condition nor that he is overweight. It does appear that the BOP identified Evans as

---

[1] Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

prediabetic in 2019, (ECF 76 at 1), but he has not been diagnosed with diabetes. The CDC's data collection shows that "[h]aving either type 1 or type 2 diabetes can make you more likely to get severely ill from COVID-19." *See COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021). The CDC does not, however, identify prediabetes as a risk factor, nor does Evans present any other evidence that those who are prediabetic are at an increased risk of severe illness. Absent evidence of other underlying conditions that make Evans particularly vulnerable to COVID-19, the court does not believe Evans's prediabetes alone is grounds for compassionate release. *See, e.g.*, *United States v. Hall*, No. CR JKB-04-323, 2020 WL 4582712, at *2 (D. Md. Aug. 10, 2020) (defendant's "hypertension and prediabetes diagnoses do not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute extraordinary and compelling reasons for judicial relief"). The court acknowledges Evans's concern regarding conditions and services at USP Big Sandy. But in light of the court's conclusion that Evans's underlying condition does not rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction, the court also finds that those circumstances do not provide grounds for Evans's sentence to be reduced.

Neither is the court persuaded by Evans's contention that his family circumstances rise to the level of an extraordinary and compelling reason for release. While the court is "'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise,'" *McCoy*, 981 F.3d at 284, the United States Sentencing Commission's most recent policy statement defining extraordinary and compelling reasons remains "helpful guidance," *id.* at 282 n.7. According to the Commission's Policy Statement, family circumstances rise to the level of an "extraordinary and compelling reason" for release where "the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the

only available caregiver[.]" *See* U.S.S.G. § 1B1.13 cmt. n.1(C). Evans seeks to care for his grandmother rather than a minor child, and even if the court were to conclude that the need to care for a family member who is not a minor child rose to the level of an extraordinary and compelling reason for release, Evans has not attempted to show that there are no other available caregivers nor has he provided any documentation of the seriousness of his grandmother's condition.[2]

    Accordingly, Evans's motion for compassionate release (ECF 72) is DENIED..

    So Ordered this __20th__ day of August, 2021.

                                                ___/S/_____
                                               Catherine C. Blake
                                               United States District Judge

---

[2] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors.